IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHEETAH OMNI, LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | No. |
| BAE SYSTEMS, INC., BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION INC. AND BAE SYSTEMS, PLC, | § § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff Cheetah Omni, LLC ("Cheetah Omni") files this Original Complaint for patent infringement against Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration Inc. and BAE Systems plc (collectively "the Defendants") and alleges as follows upon information and belief:

**I. PARTIES**

1. Plaintiff Cheetah Omni is a Texas limited liability company having its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, TX 75093.

2. Defendant BAE Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1300 North 17th Street, Suite 1400, Arlington, Virginia, 22209. BAE Systems, Inc. is a resident of Delaware who

1

engages in business in the State of Texas and this action arises, in part, out of the BAE Systems, Inc. business directed to and in the State of Texas. BAE Systems, Inc. is in the business of developing, delivering and supporting advanced defense, security and aerospace systems in the land, sea and air in interstate commerce and specifically does so in the Eastern District of Texas. Upon information and belief, BAE Systems LLC is authorized to do business in Texas and may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

3. Defendant BAE Systems Information and Electronic Systems Integration, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 65 Spit Brook Road, Nashua, NH 03061. BAE Systems, Inc. is a resident of Delaware who engages in business in the State of Texas and this action arises, in part, out of the BAE Systems, Inc. business directed to and in the State of Texas. BAE Systems Information and Electronic Systems Integration, Inc., is in the business of developing, delivering and supporting advanced defense, security and aerospace systems in the land, sea and air in interstate commerce and specifically does so in the Eastern District of Texas. Upon information and belief, BAE Systems Information and Electronic Systems Integration, Inc. is authorized to do business in Texas and may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4. Upon information and belief, BAE Systems, plc is an English corporation having its principal place of business at 6 Carlton Gardens, London, SW1Y 5AD, United Kingdom. BAE Systems plc, is in the business of developing, delivering and supporting advanced defense, security and aerospace systems in the land, sea and air in interstate commerce and specifically

does so in the Eastern District of Texas. Upon information and belief, BAE Systems, plc is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. This proceeding arises, in part, out of business done in this state. Upon information and belief, BAE Systems, plc resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). BAE Systems, plc may be served with process in England pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

5. Defendants regularly conduct and transact business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units. Defendants can be served with process through any of their registered agents including officers or directors.

## II. JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United Stated Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction exists generally over each Defendant because each Defendant has sufficient minimum contacts with the forum as a result of business regularly conducted within the State of Texas and within the Eastern District of Texas. Indeed, Defendants, directly or through subsidiaries or intermediaries, make, use, sell and offer for sale, the products that are the subject of this Complaint in the United States, the State of Texas, and the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendants as a result of, at least, Defendants' distribution network wherein Defendants, individually and

collectively, placed instrumentalities and provided services and applications that practice the claimed inventions within the stream of commerce, which stream is directed at this district, and by committing the tort of patent infringement within the Eastern District of Texas.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 (b)(2), (c), and 28 U.S.C. § 1400(b).

### III. INFRINGEMENT OF UNITED STATES PATENTS

9. Plaintiff Cheetah Omni, LLC is the owner of all rights, title and interest in and under United States Patent No. 7,633,673 ("'673 patent"), titled "System And Method For Generating Infrared Light For Use In Medical Procedures," which duly and legally issued on December 15, 2009. A true and correct copy of the '673 patent is attached hereto as <u>Exhibit A</u>.

10. The '673 patent is valid and enforceable.

11. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '673 patent.

12. Upon information and belief, Defendants have been and are infringing, literally and/or under the doctrine of equivalents, the '673 patent by making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '673 patent, including, but not limited to, pulsed Tm-doped fiber laser for mid-IR frequency conversion systems in violation of § 271(a).

13. By making, using, selling, offering for sale, and/or importing into the United States, without authority, products that fall within the scope of the claims of the '673 patent, Defendants have also induced infringement of the '673 patent under 35 U.S.C. § 271(b), and

4

have contributed to the infringement of the '673 patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

14. For example, Defendants have and continue to sell instrumentalities that practice a mid-infrared light source, comprising: a multiplexer operable to combine a first laser signal and a second laser signal to generate a first optical signal, the first optical signal comprising one or more wavelengths; a gain fiber coupled to the multiplexer and operable to receive at least the first optical signal, the gain fiber comprising a first waveguide structure; a second waveguide structure coupled to the gain fiber and operable to wavelength shift at least one wavelength of the first optical signal to a longer wavelength optical signal, the longer wavelength optical signal comprising a wavelength in the range of 1.7 microns or more, the second waveguide structure comprising a wavelength shifting fiber coupled to a nonlinear element, wherein the wavelength shifting fiber operates to wavelength shift the at least one wavelength of the first optical signal to a second optical wavelength and the nonlinear element operates to wavelength shift the second optical wavelength to the longer wavelength optical signal, and wherein the wavelength shifting fiber is substantially different than the nonlinear element.

15. As another example, Defendants have and continue to sell an application that practices a mid-infrared light source, comprising: a multiplexer operable to combine a first laser signal and a second laser signal to generate a first optical signal, the first optical signal comprising one or more wavelengths; a gain fiber coupled to the multiplexer and operable to receive at least the first optical signal; a wavelength shifting structure coupled to the gain fiber and operable to wavelength shift at least one wavelength of the first optical signal to a longer wavelength optical signal, the longer wavelength optical signal comprising a wavelength in the

range of 1.7 microns or more, the wavelength shifting structure comprising a wavelength shifting fiber coupled to a nonlinear oscillator, wherein the wavelength shifting fiber operates to wavelength shift the at least one wavelength of the first optical signal to a second optical wavelength and the nonlinear oscillator operates to wavelength shift the second optical wavelength to the longer wavelength optical signal, and wherein the wavelength shifting fiber is substantially different than the nonlinear oscillator.

16. Upon information and belief, Defendants had knowledge of the '673 patent but have engaged in their infringing conduct nonetheless. Defendants' infringement is therefore willful.

17. Plaintiff Cheetah Omni, LLC has no adequate remedy at law against Defendants' acts of patent infringement. Unless Defendants are permanently enjoined from their unlawful and willful infringement of the '673 patent, Cheetah Omni, LLC will suffer irreparable harm.

18. As a direct and proximate result of Defendants' acts of patent infringement, Cheetah Omni, LLC has been and continues to be injured and has sustained and will continue to sustain substantial damages.

19. Cheetah Omni, LLC has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Cheetah Omni, LLC is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## IV. PRAYER FOR RELIEF

Plaintiff Cheetah Omni, LLC respectfully requests that judgment be entered in its favor and against Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems

Integration Inc. and BAE Systems plc and respectfully requests that the Court grant the following relief to Cheetah Omni, LLC:

(a)  Declare that the '673 patent is valid and enforceable;

(b)  Declare that Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration Inc. and BAE Systems plc are liable for past and present direct infringement, both literally and under the doctrine of equivalents, of the '673 patent;

(c)  Declare that Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration Inc. and BAE Systems plc are liable for inducing infringement and contributing to infringement of the '673 patent, both in the past and presently;

(d)  Award damages to Cheetah Omni to which it is entitled for patent infringement of the '673 patent;

(e)  Enter a preliminary, and thereafter, permanent injunction against Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration Inc. and BAE Systems plc for their acts of direct infringement of the '673 patent;

(f)  Enter a preliminary, and thereafter, permanent injunction against Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration Inc. and BAE Systems plc for active inducement of infringement and/or contributory infringement of the '673 patent by others;

(g)  Award Cheetah Omni LLC its expenses, costs, and attorneys fees pursuant to 35 U.S.C. § 285;

(h)  Award interest on Cheetah Omni LLC's damages; and

(i)  Such other relief as the Court deems just and proper.

## V. JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff Cheetah Omni, LLC asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

Dated: November 12, 2010                     Respectfully submitted,

/s/ *Winston O. Huff*
Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Huff Legal Group, P.C.
2500 Dallas Parkway, Suite 260
Plano, TX 75093
972.826.4467 (Direct)
972.378.9111 (Firm)
214.593.1972 (Fax)
wohuff@hufflegalgroup.com

ATTORNEYS FOR PLAINTIFF
CHEETAH OMNI, LLC

# CERTIFICATE OF FILING

I hereby certify that on November 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                    Respectfully submitted,

                    By:    /s/ *Winston O. Huff*

Winston O. Huff
Huff Legal Group, P.C.
2500 Dallas Parkway, Suite 260
Plano, TX 75093
972.826.4467 (Direct)
972.378.9111 (Firm)
214.593.1972 (Fax)
wohuff@hufflegalgroup.com

**CERTIFICATE OF SERVICE**

       This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 12th day of November, 2010.

                                           /s/ *Winston O. Huff*